FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

'04 FEB 18 A 10:52

U.S. DISTRICT COURT
DISTRICT OF MASS.

PENSION BENEFIT GUARANTY )
CORPORATION, a United )
States Government Agency )
1200 K Street, N.W. )
Washington, D.C. 20005-4026 )
)
   Plaintiff, )
)
v. )  Civil Action No.
)
TFGC ESTATE, INC. f/k/a THE TOP- )
FLITE GOLF COMPANY f/k/a )  **04 - 30034 - MAP**
SPALDING SPORTS WORLDWIDE, INC. )
)
  Serve: )
)
TOP FLITE GOLF COMPANY )
C/O Andrew M. Howley )
Chief Financial Officer and )
Plan Administrator )
425 Meadows Street )
Chicopee, MA 01013 )
)
   Defendant. )
)

## COMPLAINT

This action arises under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1301-1461. Plaintiff Pension Benefit Guaranty Corporation ("PBGC") files this Complaint pursuant to 29 U.S.C. § 1342 for a judgment: (1) terminating the Spalding Employees Retirement Account Plan (the "SERA Plan"), and the Spalding Employees' Retirement Account Plan for Employees Covered by Collective Bargaining Agreement with Local 1851 (the "Local 1851 Plan"), (collectively referred to as "the Plans"), (2) appointing PBGC as

statutory trustee of the Plans; (3) establishing September 15, 2003 as the termination date of each of the Plans; and (4) requiring that Defendant TFGC Estate Inc. f/k/a The Top-Flite Golf Company f/k/a Spaulding Sports Worldwide, Inc. ("Top-Flite") and any other person or entity having possession, custody or control of any records, assets or other property of the Plans, and any documents required to determine the benefits payable to participants of the Plans, to transfer, convey and deliver all such records, assets, property and documents to PBGC.

## JURISDICTION AND VENUE

1. This Court has exclusive jurisdiction over this action, without regard to the amount in controversy, under 29 U.S.C. §§ 1303(e)(3) and 1342(f).

2. Venue properly lies in this Court pursuant to 29 U.S.C. §§ 1303(e)(2) and 1342(g).

## PARTIES

3. PBGC is the United States government agency established under 29 U.S.C. § 1302(a) to administer the defined benefit pension plan termination insurance program under Title IV of ERISA. When an underfunded pension plan terminates, PBGC, subject to certain statutory limitations, pays the plan's unfunded benefits with PBGC's insurance funds. See 29 U.S.C. § 1322. PBGC has its principal place of business at 1200 K Street, N.W. Washington D.C. 20005.

4. The Defendant is a corporation organized under the laws of Delaware, with its principal place of business located at 425 Meadows Street, in Chicopee, Massachusetts 01013.

## BACKGROUND

5. The Defendant was engaged in the business of manufacturing and marketing golf balls and golf ball related goods.

6. The Defendant and certain members of its corporate family filed voluntary petitions for relief under title 11 of chapter 11, United States Code (the "Bankruptcy Code") on June 30,

2003. The Defendant and all of the other debtors are liquidating in Chapter 11. Substantially all of their assets were sold on September 15, 2003, to a unrelated buyer. PBGC may proceed in this action notwithstanding the pendancy of the bankruptcy cases. 29 USC § 1342(e); 11 USC § 1362(b)(4).

7. Prior to its bankruptcy liquidation, Defendant or its predecessor established both the SERA Plan and the Local 1851 Plan to provide retirement benefits for certain of its employees. The Plans are defined benefit pension plans within the meaning of 29 U.S.C. § 1002(35); have been determined by the Internal Revenue Service to be plans described in 26 U.S.C. § 401(a); and are covered by the plan termination insurance program established under Title IV of ERISA pursuant to 29 U.S.C. § 1321(a).

8. The Defendant (through Andrew M. Howley, Chief Financial Officer) is the Plans' administrator within the meaning of 29 U.S.C. §§ 1301(a)(1), 1002(16). The SERA Plan has 721 participants, 119 of which are retired. The Local 1851 Plan has 1224 participants, 462 of which are retired.

9. PBGC is authorized by 29 U.S.C. § 1342(a) to commence proceedings to terminate a plan whenever PBGC determines that one or more of the statutory criteria have been met.

10. On December 12, 2003, PBGC issued to the Defendant the Notice of Determination for each Plan stating that the Plans will be unable to pay benefits when due, see 29 USC § 1342(a)(2), and that the Plans must be terminated in order to protect the interests of the Plans' participants. See 29 USC § 1342(c). PBGC notified the Plans' administrator that PBGC intended to proceed pursuant to 29 U.S.C. § 1342 to have the Plans terminated and PBGC appointed as statutory trustee, and pursuant to 29 U.S.C. § 1348 to have September 15, 2003, established as the Plans' termination date. The Notices are attached as Exhibits 1 and 2.

11. Pursuant to 29 USC §§1342(c) and 1348(a)(4), PBGC attempted to reach agreement with the Plans' administrator to terminate the Plans, set the Plans termination date, and turn over the Plans to PBGC as statutory trustee. PBGC and the Plans' administrator have been unable to reach an agreement.

## COUNT 1

12. PBGC repeats and re-alleges paragraphs 1 through 11.

13. 29 U.S.C. § 1342(c) provides that a United States District Court may order the termination of a pension plan, inter alia, in order to protect the interests of the plan's participants.

14. PBGC has determined that termination of the Plans is necessary to protect the interests of the Plan participants.

## COUNT II

15. PBGC repeats and re-alleges paragraphs 1 through 14.

16. 29 U.S.C. § 1342(c) provides that a trustee for a pension plan should be appointed by the United States District Court upon a decree of plan termination.

17. PBGC is ready, willing, and able to serve as trustee of the Plans. If appointed as trustee of the terminated Plans, PBGC will pay benefits under the Plans in accordance with the provisions of Title IV of ERISA and will fulfill all obligations of a trustee under 29 U.S.C. § 1342(c).

## COUNT III

18. PBGC repeats and re-alleges paragraphs 1 through 17.

19. Under 29 U.S.C. § 1342(d), the trustee appointed by the Court is authorized, among other things, to pay benefits under the terms of the Plans and to manage the assets of the Plans.

20. In order to carry out its statutory duties with respect to the Plans, the trustee appointed by the Court must receive all documents relating to the Plans and all assets of the Plans.

21. PBGC is ready, willing and able to continue benefits payments under the terms of the Plans and Title IV of ERISA, and to co-mingle the Plans' assets with PBGC's insurance funds so that the Plans' participants continue to receive their guaranteed benefits. PBGC is also ready, willing and able to collect the Plans' documents and assets.

## COUNT IV

22. PBGC repeats and re-alleges paragraphs 1 through 21.

23. 29 U.S.C. § 1348(a)(4) provides that a United States District Court establishes the date of termination of a pension plan covered by Title IV when PBGC and the plan administrator have not agreed on a date of termination.

24. PBGC and the Plan administrator have not agreed on a date of Plan termination.

25. The appropriate termination date for both Plans is September 15, 2003. On or before that date substantially all of the Defendants' assets were sold to an unrelated buyer who did not agree to continue the Plans. The Defendant's employees transferred to the buyer. Consequently, Plan participants' reasonable expectations of the Plans' continuation were extinguished as of September 15, 2003. Furthermore, PBGC has determined that the agency's interests are best served by setting September 15, 2003 as the termination date.

WHEREFORE, PBGC respectfully requests that this Court:

1. Adjudicate the Plans terminated pursuant to 29 U.S.C. § 1342(c);

2. Appoint PBGC trustee of the Plans pursuant to 29 U.S.C. § 1342(c);

3. Establish September 15, 2003, as the termination date of the Plans pursuant to 29 U.S.C. § 1348(a)(4);

4. Direct Defendant and any other person or entity having possession, custody, or control of any records, assets, or other property of the Plans, and any documents required to determine the benefits payable to participants of the Plans, to transfer, convey and deliver all such records, assets, property, and documents to PBGC, pursuant to 29 U.S.C. § 1342(d)(1); and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: Feb. 13, 2004

*Sam Batsell*

JAMES J. KEIGHTLEY
General Counsel
JEFFREY B. COHEN
Deputy General Counsel
JOHN R. PALIGA
Assistant General Counsel
SAMUEL C. BATSELL
Attorney

PENSION BENEFIT GUARANTY CORP.
(a U.S. Government Agency)
Office of the General Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026
(202) 326-4020 ext. 3125

**EXHIBIT 1**

**Pension Benefit Guaranty Corporation**
1200 K Street, N.W., Washington, D.C. 20005-4026

**FEDERAL EXPRESS**

DEC 1 2 2003

Mr. Vaugh F. Rist.
Vice President-Human Resources
The Top-Flite Golf Company
425 Meadows Street
Chicopee, MA 01013
(413) 322-2018

## NOTICE OF DETERMINATION

PLEASE TAKE NOTICE that the Pension Benefit Guaranty Corporation ("PBGC") has determined, pursuant to Section 4042 (a)(2) of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. § 1342(a)(2), that the Spalding Employees Retirement Account Plan (SERA) (the "Plan") will be unable to pay benefits when due.

The PBGC has further determined, under ERISA § 4042 (c), 29 U.S.C. § 1342 (c), that the Plan must be terminated in order to protect the interests of the Plan's participants. Accordingly, the PBGC intends to proceed under ERISA § 4042, 29 U.S.C. § 1342, to have the Plan terminated and the PBGC appointed as statutory trustee, and under ERISA § 4048, 29 U.S.C. § 1348, to have September 15, 2003, established as the Plan's termination date.

The PBGC has completed its decision making process in this matter; accordingly, this determination is effective on the date it is issued.

PENSION BENEFIT GUARANTY CORPORATION

JOSEPH H. GRANT
Deputy Executive Director & Chief Operating Officer

**EXHIBIT 2**



Pension Benefit Guaranty Corporation
1200 K Street, N.W., Washington, D.C. 20005-4026

**FEDERAL EXPRESS**

DEC 1 2 2003

Mr. Vaugh F. Rist.
Vice President-Human Resources
The Top-Flite Golf Company
425 Meadows Street
Chicopee, MA 01013
(413) 322-2018

## NOTICE OF DETERMINATION

PLEASE TAKE NOTICE that the Pension Benefit Guaranty Corporation ("PBGC") has determined, pursuant to Section 4042 (a)(2) of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. § 1342(a)(2), that the Spalding Employees' Retirement Account Plan for Employees Covered by Collective Bargaining Agreement with Local 1851 (the "Plan") will be unable to pay benefits when due.

The PBGC has further determined, under ERISA § 4042 (c), 29 U.S.C. § 1342 (c), that the Plan must be terminated in order to protect the interests of the Plan's participants. Accordingly, the PBGC intends to proceed under ERISA § 4042, 29 U.S.C. § 1342, to have the Plan terminated and the PBGC appointed as statutory trustee, and under ERISA § 4048, 29 U.S.C. § 1348, to have September 15, 2003, established as the Plan's termination date.

The PBGC has completed its decision making process in this matter; accordingly, this determination is effective on the date it is issued.

PENSION BENEFIT GUARANTY CORPORATION

JOSEPH H. GRANT
Deputy Executive Director & Chief Operating Officer